# Pheland v. Candee.

*Action of Assumpsit to recover Rent.*

1. *Action for rent; proof of tenancy.*—Where an action is brought, not for use and occupation, but for rent alleged to be due under a contract, whereby the plaintiff leased to the defendant certain lands and the defendant denies leasing the said lands from plaintiff by special plea, upon which plea issue is taken, it is essential to plaintiff's right of recovery that he should prove the tenancy as alleged in his complaint; and when the evidence is conflicting as to the existence of the lease as counted on, the question should be submitted to the jury.

2 *Same; when priority of title not decided by reason of priority of date of execution of conveyance.*—In such a case, when the evidence is con-

[Pheland v. Candee.]

flicting as to the existence of the lease counted upon, and the evidence for the defendant tends to show that he occupied the land as the tenant of a third person, who asserted title thereto in hostility to plaintiff, it is error for the court to assume, and so instruct the jury, that the plaintiff's title to the land was superior to the title of such third person, because the conveyance to plaintiff antedated the conveyance to said third person, there being no proof that the plaintiff's grantor had title to the land.

3. *Pleadings and practice; statute of frauds.*—Where the statement of a cause of action in a complaint set up a contract which is within the statute of frauds, it is the better practice to specially plead the statute, even in actions before justices of the peace and on appeals therefrom to the circuit court.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JAMES T. JONES.

Marshall G. Candee, the appellee, sued the appellant, Isham Pheland, in a justice of the peace court, to recover a judgment against defendant, from which judgment an appeal was taken to the circuit court. The transcript from the justice of the peace court, certified to the circuit court on appeal, does not show that there was either complaint or plea filed in the justice's court. After the appeal was taken to the circuit court, a complaint was filed, in which the plaintiff claimed of the defendant a certain sum due for the rent of certain lands for the years 1890, 1891, 1892. To this complaint the defendant interposed three pleas, the substance of which are sufficiently stated in the opinion, and upon these three pleas issue was joined.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff, as a witness in his own behalf, testified that in the year 1890 he rented certain lands to the defendant for the years 1890, 1891, 1892; that the contract of lease with the defendant for the three years was a verbal contract, and there was no written evidence of it; but that the defendant went into possession of the lands rented to him under the contract of lease, and had occupied the same, but had failed to pay the rent due therefor. The defendant objected to the testimony of the plaintiff in regard to the lease of said land for three years, upon the ground that the same was not evidenced by a written contract, and was, therefore, void under the statute of frauds, and moved to exclude this testimony. The court overruled the objection and motion,

[Pheland v. Candee.]

and to this ruling the defendant excepted. the defendant then moved the court to be allowed to file a special plea setting up that said contract of lease was not in writing, and was, therefore, void under the statute of frauds. The court refused to allow this plea to be filed, overruled the motion, and to this ruling the defendant duly excepted.

The plaintiff further testified that he had been in possession of the land for which rent was claimed since the year 1878; that he went into possession of the lands during that year, under a deed conveying the same to him, which was executed by Sarah H. Smith and others on May 4, 1878, and that since the execution of said deed his possession consisted in paying taxes on said lands, and in using the warehouse situated upon said lands for the shipment and storage of freight.

The defendant as a witness testified that during the years 1890, 1891, 1892 he cultivated the lands for which the plaintiff claimed rent, but that he did not rent them from the plaintiff, or agree to pay him therefor; but that he rented the lands from one I. B. Slaughter, who put him in possession of said lands, and that he paid the rent therefor to said Slaughter. His testimony in this behalf was corroborated by several witnesses. I. B. Slaughter testified that he owned the lands rented by the defendant, having purchased them in 1884 from one Cobb and wife; that he went into the actual possession of the same upon his purchase, erected improvements thereon, paid the taxes, and was in possession of said lands when he rented the same to the defendant. This witness further testified that at the time of his purchase of said lands said Cobb was in the actual possession of them, holding under deed executed to him in 1883 by the register in chancery in Clarke county, which deed was executed by order of the chancery court, and conveyed the lands rented to defendant, and that the warehouse and landing referred to by plaintiff were not upon the lands involved in this suit. This witness further testified that the defendant paid him the rent for the land for the three years. The defendant further introduced in evidence a deed from the register in chancery of Clarke county to Cobb and a deed from Cobb to I. B. Slaughter.

This being all the evidence in the case, the court in its

[Pheland v. Candee.]

general charge, among other things, instructed the jury as follows: (1.) "There can not be two hostile possessions of the same tract of land; the possession must be rightful or exclusive. In this case, Candee has the superior title, and the possession by Candee of the landing on the 320 acre tract, in connection with his deed made in 1878 for said tract, gives him actual possession of the entire tract." (2.) "The conveyance by Cobb in 1885, of the land which was at that time in the adverse possession of the plaintiff, was void." (3.) "Where two, as in this case, are in possession of the same tract of land, the real, actual possession resides with the party holding the superior legal title." To each of these portions of the court's general charge the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe from the evidence that the defendant did not rent the land, for the alleged rent of which suit is brought, from the plaintiff, but rented the same from another person who claimed adversely to plaintiff, and was put in possession by such other person, and accounted to such other person for the rent thereof, then the plaintiff can not recover." (2.) "If the jury believe from the evidence, that the defendant did not rent the land, for the alleged rent of which suit is brought, from the plaintiff, but rented the same from another person who claimed adversely to plaintiff, and was put in possession by such other person, and accounted to such other person for the rents thereof, then the plaintiff can not recover, notwithstanding the legal title to the lands rested in the plaintiff."

There were verdict and judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

LACKLAND & WILSON, for appellant.—1. Verbal lease of lands for three years, is void under the statute of frauds.—Code, § 1732.

2. In appeal cases from justice's courts, neither formality nor technicality of pleading being required; the defense of the statute of frauds can be set up without special plea.—*Smith v. Dick*, 95 Ala. 311: *Littleton v. Clayton*, 77 Ala. 571; *Harsh v. Heflin*, 76 Ala. 499. No complaint is required to be filed in such cases, and there be-

ing no necessity for a complaint, there is no necessity for a special plea.—*Abrams v. Johnson*, 65 Ala. 465 ; *Reynolds v. Harris*, 62 Ala. 415 ; 1 Brick. Dig. 113, § 66 ; *Ib.* 114, § 80.

3.  A charge which asserts that plaintiff has the superior title, and has the possession, is an invasion of the province of the jury, and is erroneous when the evidence is conflicting upon the question of title and possession. And such charge is upon the legal effect of the evidence, and is erroneous if given without request.—Code, § 2754 and authorities cited; 1 Greenl. Ev., § 49 ; *David v. Malone*, 48 Ala. 428 ; *Sandlin v. Anderson*, 76 Ala. 403.  It is error in the court to charge that plaintiff has superior title, when plaintiff does not show title or possession in the grantor under whom he claims.

4.  Charges 1 and 2 should have been given. If the evidence sustained the special plea controverting tenancy, defendant was entitled to a charge on its effect.—*Masterson v. Gibson*, 56 Ala. 56 ; *Mudge v. Treat*, 57 Ala. 1 ; *Ex parte Pearce* 80 Ala. 195.

JOHN Y. KILPATRICK, *contra*.

McCLELLAN, J.—This is not an action for use and occupation, but for a balance alleged to be due the plaintiff as the landlord of the defendant as rent under and reserved by a contract whereby the plaintiff leased to the defendant certain lands for a term of three years. Such is the averment of the complaint filed in the circuit court.  The pleas were (1) the general issue; (2) that the "defendant did not rent from plaintiff any lands during the years 1890, 1891 and 1892, as alleged in plaintiff's complaint, and was not the tenant of said plaintiff at any time during said year ;" and. (3) payment.  The plaintiff joined issue on each of these pleas. On the trial there was evidence on the part of the plaintiff tending to show that he leased the land referred to in the complaint to the defendant for the years named, the defendant agreeing to pay him a rental of one thousand pounds of seed cotton for each year.  On the other hand, there was the testimony of the defendant and two or three other witnesses to the effect that the defendant occupied the land during each of these years as the tenant of Mr. Slaughter, paid the latter a stipulated

sum therefor, and that he never at any time rented the land from the plaintiff, or went into possession of it under him, or agreed to pay him for it. This question being made an issue in the case, and the evidence upon it being thus in palpable conflict, it should have been submitted to the jury as the defendant sought to have it submitted by his requests for instructions numbered 1 and 2. The plaintiff having expressly claimed upon a lease and as for rent, the lease being denied by special plea, and issue being taken upon this plea, it was essential to his right of recovery that he should prove the tenancy; and this, though, it may be, he need not have so claimed.

The court also fell into error in assuming and charging that the plaintiff, Candee, had title to the land superior to the title of Slaughter from whom the defendant claims to have rented the premises. This could not be affirmed upon the mere circumstance that the conveyance of Sarah H. Smith and others to Candee antedated the conveyances of E. S. Cobb and others to Slaughter, there being no evidence that Candee's grantors themselves had title to the land.

Upon another trial, or rather before another trial is entered upon the defendant may, if he is so advised, plead the statute of frauds against the alleged lease of the plaintiff; and it is therefore unnecessary for us to decide the exceptions reserved to the admission of evidence of an oral lease. The better practice undoubtedly is to file the special plea even in actions before the justices of the peace, and on appeals therefrom in the circuit court when, as here, the statement of the cause of action or the complaint sets up a contract which is within the statute of frauds.

The judgment of the circuit court is reversed, and the cause remanded.